### HERBERT H. HOYT v. MELVIN J. CLARK.[1]

February 7, 1896.

Nos. 9633—(287).

|   |   |
|----|-----|
| 64 | 139 |
| 85 | 521 |

**Tax Judgment—Conclusiveness — Affidavit of Publication of Delinquent List.**

Where a judgment in proceedings to enforce taxes on real estate is in the form required by statute, the same presumption in favor of its regularity and validity exists as in respect to judgments in civil actions, but such presumption is not conclusive. It may be shown, by evidence dehors the

[1] Reported in 66 N. W. 262.

record, that the court had not jurisdiction to render the judgment; as, for example, by showing that the delinquent list was not in fact published. But the presumption in favor of the validity of the judgment is not overcome by the mere fact that no affidavit of publication has been filed. Bennett v. Blatz, 44 Minn. 56, explained and qualified.

**Assessment Roll—Ditto Marks.**

Ditto marks under the word "Unknown," in the column in the assessment roll headed "In Whose Name Assessed," is a sufficient statement that the owner's name is unknown.

**Expiration of Redemption—Notice—"Unknown."**

In such case, a notice of the expiration of the time of redemption, addressed to "Unknown," is sufficient.

Appeal by plaintiff from a judgment of the district court for St. Louis county, in favor of defendant, entered in pursuance of the findings and order of Charles L. Lewis, J. Affirmed.

*H. H. Hoyt*, for appellant.

*Cash, Williams & Chester*, for respondent.

BUCK, J. This is an action to determine adverse claims to a vacant quarter section of land in St. Louis county. The plaintiff proved his title direct from the United States government, and the defendant claims under a tax title; and to sustain it, and thus overcome the plaintiff's prima facie case, the defendant introduced in evidence a certificate from the auditor of St. Louis county, dated September 16, 1884, which showed that this land was assessed for taxes for the year 1883, and, the same being delinquent, the land was sold to the state at a tax sale, September 15, 1884, and the next day assigned by the state to this defendant for the sum of $4.60, the amount of the tax and interest. The plaintiff, then, in rebuttal, introduced in evidence the judgment roll in the tax proceedings, from which it appeared that there was no affidavit of publication attached, made by the owner, publisher, manager, or foreman in the printing office of the newspaper in which the delinquent list was published, and filed with the clerk, stating the days in which such publication was made as provided by G. S. 1878, c. 11, § 74 (see G. S. 1894, § 1583). The defendant then produced as a witness one W. S. Woodbridge, and proved by him that he was the owner and publisher of the Lake Superior News, a newspaper published in Duluth, St. Louis county, in the years 1883 and 1884, and further showed,

by him, and by copies of said newspaper, on file as a part of said judgment roll in the tax proceedings, that the said delinquent list was duly published as required by law, and it was admitted that the said newspaper had been duly designated as the newspaper in which said delinquent list should be published. To all this testimony the plaintiff objected, as being incompetent and immaterial, and that it was not the evidence required by law in such cases, which objection was overruled by the court, and exceptions duly taken.

The defendant also offered in evidence a notice of the expiration of the redemption period, together with proof of service thereof, and affidavit of publication; and this was objected to by plaintiff upon the ground that the assessment roll for the year 1883 did not show that the land was assessed in the name of "Unknown," it further appearing that the notice of expiration of redemption period was addressed to "Unknown." Under the heading "In Whose Name Assessed," in the assessment roll, opposite the description of other land, appears the word "Unknown," and below this word, and opposite the description of the land in question, are dots (. .) or characters (",") to designate that the name of the owner of the land is the same as the last preceding one, viz. "Unknown." We think that this is a sufficient designation of the fact that the owner's name was "unknown." G. S. 1878, c. 11, § 109 (G. S. 1894, § 1627). That the statute requiring notice to be given of the time when the redemption period will expire applies, although the name of the owner is stated in the assessment book as "unknown," is settled by the recent decision of this court in State v. Halden, 62 Minn. 246, 64 N. W. 568, and need not be further discussed.

G. S. 1878, c. 11, § 73 (see G. S. 1894, § 1582), provides that, when the last publication shall have been made, the notice shall be deemed to have been served, and the court to have acquired full and complete jurisdiction to enforce against each piece or parcel of land, in said published list described, the taxes, accrued penalties, and costs. The form of the judgment to be entered in such cases is provided by statute. There is no question raised but what the judgment in this case conformed to the statute, and we must assume that it contained the recital required in said form, viz. "the notice and list required by law having been duly published as re-

quired by law." This recital, with others, forms a part of the
judgment, and when such judgment is entered by the clerk in the
real estate judgment book, "the same presumption in favor of the
regularity and validity of the said judgment shall be deemed to ex-
ist as in respect to judgments in civil actions in said court." G.
S. 1878, c. 11, § 76 (see G. S. 1894, § 1585). After entry of this judg-
ment, and sale of the property thereunder by the county auditor, he
issues a certificate of sale to the purchaser, and such certificate, in
case the land is not redeemed, passes to the purchaser the estate
therein expressed, without any other act or deed whatever. By G. S.
1878, c. 11, § 85, it is further provided that—  .

"Such certificate or the record thereof shall in all cases be prima
facie evidence that all the requirements of the law with respect to
the sale have been duly complied with and of title in the grantee
therein after the time for redemption has expired; and no sale shall
be set aside or held invalid unless the party objecting to the same
shall prove either that the court rendering the judgment pursuant
to which the sale was made had not jurisdiction to render the judg-
ment, or that, after the judgment and before the sale, such judg-
ment had been satisfied or that notice of sale as required by this
act was not given."

Applying the different provisions of the law to which we have re-
ferred to this tax judgment, presumptively regular and valid, if
any grounds existed for avoiding the sale, the burden of proving this
rested upon the plaintiff herein, the original owner of the land.
Assuming, therefore, that the judgment was presumptively valid,
did the plaintiff assail its validity in any such manner as to show
that it was rendered without jurisdiction, and was therefore void?
This is a collateral attack upon a judgment presumptively regular
and valid. The court had jurisdiction to render it, if, in fact, the
notice and list were published according to law. It was the exist-
ence of those facts, and not the affidavit or proof thereof, that gave
the court jurisdiction. The affidavit of publication is no part of
the notice, nor is it required to be published. The publisher is re-
quired to file it with the clerk, in order to preserve the evidence of
the due publication of the notice and delinquent list. But, prior to
the publisher doing this, the court had jurisdiction of the subject-
matter. The filing of this affidavit is not made a condition preced-
ent to the entry and validity of the tax judgment, and, the court

having jurisdiction, proof of publication might be made subsequent to the entry of the tax judgment by a proper proceeding therefor. Even in the absence of any affidavit of publication in the judgment roll, the presumption obtained that the list was published, although this presumption might be overcome by evidence, dehors the record, that the list was not published, under G. S. 1878, c. 11, § 85. Brown v. Corbin, 40 Minn. 508, 42 N. W. 481. The burden of proving that the list was not published rested on the plaintiff, and not on the defendant to prove that it was. This he did not do. The evidence offered by the defendant to support the presumption of the validity of the judgment, although incompetent, was wholly unnecessary, and its admission not prejudicial error. The omission from the tax judgment of the affidavit of the publication of the notice and list was an irregularity, which might be subsequently cured by a direct proceeding, and by proper proof; but it could not be done in the collateral manner here attempted.

Some things said in Bennett v. Blatz, 44 Minn. 56, 46 N. W. 319, might seem to be in conflict with the views above expressed, and as implying that the fact of publication of the list and notice must be made to affirmatively appear by affidavit. But in that case a purported affidavit of publication was filed, and the case was argued and submitted upon the question of the sufficiency of that affidavit. The question of the presumption in favor of the validity of the judgment, or as to the burden of proof, does not seem to have been suggested, or in the mind of the court.

The plaintiff having offered no evidence sufficient to rebut the presumption in favor of the validity of the tax judgment, the judgment of the court below must be affirmed.