EMMONS COUNTY vs. HIRAM R. THOMPSON, et al.

Opinion filed November 13, 1900.

### Tax Sales—Vacation of Judgment.

Construing certain sections of chapter 67, Laws 1897: This is an appeal from an order of the District Court for Emmons county vacating a real estate tax judgment, and a tax sale made thereunder, pursuant to said chapter, and allowing the owner of the real estate so sold to file an answer to the complaint in the action. The order vacates the judgment, and sets aside the sale, upon the express ground that the judgment is "null and void." The affidavit upon which the order is based embraces averments tending to establish the following facts: (1) That the owner of the land is a non-resident, and had no actual notice of the pendency of the action in which said judgment was entered until long subsequent to the entry of judgment; (2) that the judgment was entered by the clerk of the District Court, and so entered without an order or direction so to do from the District Court or a judge thereof. (3) That the publisher of the newspaper in which the delinquent tax list was published did not, prior to the entry of the judgment or at all, file with the clerk of the District Court the requisite number of copies of the newspaper in which such list was published, as required by section 4 of said chapter. (4) That the taxes appearing upon said delinquent list, and for which said judgment was entered, were illegal and void, in whole or in part, on account of certain fundamental defects in the tax proceedings relating to the assessment and levy of the taxes appearing on the delinquent list, and for which taxes the judgment was entered. Held, upon this state of facts, that the order vacating the judgment and the sale made thereunder was erroneously made, and that none of the grounds above mentioned and stated in the affidavit operated to defeat the jurisdiction of the District Court to enter such judgment.

### Publication the Delinquent List—Judgment by Default.

After an affidavit showing the publication of the delinquent list had been filed, the clerk of the District Court, under the authority conferred by section 6 of the act, proceeded to enter judgment by default against the land in question for the taxes, interest, and penalty appearing on the list. Held, that the fact of publication, coupled with the filing of the requisite affidavit of publication, conferred authority to enter such judgment; and, further, that the additional evidence of publication, to-wit: the filing of the several copies of the newspaper, is not a pre-requisite to the entry of a judgment by default. Such newspapers could lawfully have been filed later in the action nunc pro tunc.

### Order for Judgment Unnecessary in Tax Matters.

Held, further, that in entering such judgment the clerk of the District Court acted in a ministerial capacity, and upon competent prima facie evidence of the validity of the taxes, viz: the statutory evidence. See section 9 of chapter 67. No evidence of the validity of a tax other than the statutory evidence would be competent in a default case. In such a case an order to enter judgment is not required by the act, and such an order would be without validity or effect.

### Motion to Vacate Default—Affidavit of Merits—Verified Answer.

Held, further, and upon the assumption that the judgment was irregularly entered, and hence vulnerable to a proper attack thereon if one had been seasonably made, that it is nevertheless true that no

attack is here made upon this judgment on the ground of mere irregularity, nor can the order be sustained on such ground. Neither an affidavit of merits or a proposed verified answer was filed or presented to the District Court as a basis for the motion to vacate. This omission is fatal where the motion is based upon a mere irregularity. Nor could the sale be set aside upon any ground of mere irregularity in the entry of the tax judgment. Section 15, chapter 67, Laws 1897.

Appeal from District Court, Emmons County; *Winchester,* J.

Action by the County of Emmons against the S. W. ¼ of section 22, township 133 N., of range 76 W., Hiram R. Thompson, and another. Judgment for plaintiff. From an order vacating said judgment, plaintiff appeals

Reversed.

*George M. Register* and *Cochrane & Corliss,* for appellant.

The judgments are not void because the county treasurer did not immediately after the passage and approval of the law make and file in the office of the District Court of his county a list of delinquent taxes upon real estate. The provision of this section is directory. *Banning* v. *McManus,* 53 N. W. Rep. 635; *Kipp* v. *Dawson,* 31 Minn. 380; 23 Am. & Eng. Enc. L. 458; Suth. St. Cr. § 446; *Johnson* v. *Day,* 2 N. D. 295-299; *Hennepin County* v. *Baldwin,* 65 N. W. Rep. 80; *State* v. *Lean,* 9 Wis. 392. The resolution of the board of county commissioners designating the paper was sufficient. *Kipp* v. *Dawson,* 60 N. W. Rep. 845. The resolution designating the paper is not void because the same was adopted at a special meeting of the board. The object stated in the notice appearing in the record is plainly an object to proceed to business under the provisions of chapter 68 of the Laws of 1897. The notice contains a general statement that the object of the meeting is to transact any other business that may come before the board. All the members of the board were present at the special meeting and decided to transact general business. When the board unanimously decided to take up general business, all the rules governing such bodies are applied to their deliberations, and a mere majority may adopt a measure the same as at other meetings. *White* v. *Fleming,* 114 Ind. 574; *Wilson* v. *Board,* 68 Ind. 507; *Presinger v. Harness,* 114 Ind. 494; 1 Dill. Mun. Corp. 202; *Stow* v. *Wysce,* 18 Am. Dec. 1013 and note; *Pike County* v. *Roland,* 94 Pa. St. 238; *Douglas* v. *Baker County,* 23 Fla. 419, 2 South. Rep. 776; *People* v. *Carver,* 2 Colo. App. 136; *Jones* v. *Cullen,* 142 Ind. 335. At any rate the record does not show that any member of the board was absent, or that any member of the board objected to take up the subject of designating a newspaper in which to publish the notice. It appearing that a meeting of the board was held at which business was transacted, which it only had a right to do at a legal meeting, it will be presumed, if necessary, and nothing to the contrary being shown, that all its members were present and acted. *Presinger* v. *Harness,* 114 Ind. 494; *Lewick* v. *Glasier,* 74 N. W. Rep. 717; *Tierney* v. *Brown,* 17 Am. St. Rep. 679. The claim that judgment

was entered for an excessive amount is, of course, a claim that does not affect the jurisdiction of the court. No judgment is void because it is entered for a larger amount than it should have been entered for. *Shattuck* v. *Smith*, 6 N. D. 56; *Kipp* v. *Dawson*, 31 Minn. 377. The contention that the affidavit annexed to the list is defective is entirely without merit. *Reimer* v. *Newell*, 49 N. W. Rep. 865; *Kipp* v. *Dawson*, 32 Minn. 380.

*J. E. Robinson,* for respondents.

The county treasurer of Emmons county did not immediately after the passage and approval of chapter 67, Laws 1897, make and file in the office of the clerk of the District Court of his county, a list of taxes upon real estate as required by section one of the act, and no such list was filed until six months after the passage and approval of the act. He did not annex to the list an affidavit as required by statute. The newspaper in which the tax list was published was never designated by resolution of the board of county commissioners of Emmons county. *Cass County* v. *Security Improvement Co.,* 7 N. D. 528. The resolution of the board designating a newspaper was passed at a special session held on June 5th, 1897, under a call from the county auditor. Nothing was said in the call of the designation of a newspaper for the publication of the delinquent tax list. The call not specifying such object, the act of designation of a newspaper was void when had at this special meeting. § 1898, Rev. Codes; Thomp. Corp. § § 707-709-710-717-718; Angel & Ames, Corp. § 489; Dillon, Mun. Corp. § 265; *School District* v. *Atherton,* 12 Metc. 105; *Little* v. *Merrill,* 12 Pick. 543; *Perry* v. *Dover,* 12 Pick. 206; *Bloomfield* v. *Charter Oak Bank,* 121 U. S. 121. The judgment entered against each tract of land was largely excessive and unauthorized. It must appear from the recitals of the record that the facts existed which authorized the court to act, and that in acting the court kept within the limits of its lawful authority. Cooley on Taxation (2d Ed.) 526; Blackw. Tax Titles, § § 354-355; *McClum* v. *Ross,* 5 Wheat. 116; *Thatcher* v. *Powell,* 6 Wheat. 119. When a statute authorizes a proceeding which was not allowed by the general law before, and directs the mode in which the act shall be done, the mode pointed out must be strictly pursued. Suth. St. Cr. § 454. When the power to effect property is conferred by statute upon those who have no personal interest in it, such power can be exercised only in the manner and under the circumstanes specified. *Koch* v. *Bridges,* 45 Miss. 247; *United States* v. *Wyngall,* 5 Hill. 16; *Gilpin* v. *Abbott,* 6 Mich. 17; *In re Selby,* 6 Mich. 193; *O'Donnell* v. *McIntyre,* 37 Hun. 615; *Whitney* v. *Thomas,* 23 N. Y. 287. A notice of a special meeting of "the transaction of any other business that may come before the board" is not sufficient. *Hayden* v. *Noyes,* 5 Conn. 391; *Bloomfield* v. *Charter Oak,* 121 U. S. 132; *Willard* v. *Kinneyworth,* 8 Conn. 247-254; *Little* v. *Merrill,* 10 Pick. 543; *Reynolds* v. *New Salem,* 6 Metc. 340;

*Peoples Mut. Ins. Co. V. Westcott,* 14 Gray, 440; Dill. Mun. Corp. § 268; *Jones* v. *Andover,* 9 Pick. 146; *Rand* v. *Wilder,* 11 Cush. 294; *Hunt* v. *School District,* 14 Vt. 300; 39 Am. Dec. 225; *Hosdell* v. *Hancock,* 3 Gray, 526; *Terry* v. *Milbury,* 21 Pick. 64; *Blackburn* v. *Wadpole,* 9 Pick 97; *Baker* v. *Shepard,* 24 N. H. 208.

WALLIN, J. The order appealed from bears date December 5, 1899, and in terms vacates and sets aside a certain tax judgment, and a tax sale made thereunder, and allows the owner of the tract of land involved to file an answer to the complaint in the action. The land involved is situated in Emmons county, and belongs to one Hiram R. Thompson, and is described as follows: The S. W. ¼ of section 22, in township 135, of range 75. The order of the District Court was based wholly upon an affidavit made by one Henry A. Armstrong, and the order contains the following recital: "It appearing to the court that the allegations and material statements set forth in the affidavit of Henry A. Armstrong therein are true, and that the judgment rendered, and the sale made thereunder, are null and void," etc. Then follows the order vacating and setting aside the judgment and sale, and allowing the owner to file an answer. The judgment referred to in the order is a certain tax judgment against the land above described, which was entered on the 14th day of October, 1897, and the tax sale thereunder was made on December 6, 1897. The judgment was entered and sale made under the provisions of chapter 67 of the Laws of 1897, authorizing the District Court, under conditions named in said chapter, to enter judgments against lands for taxes thereon which became delinquent in 1895 and prior years. The record shows that no counter affidavits were filed in the District Court, and, so far as appears, none of the records in the tax case was offered in evidence before the District Court at the hearing which culminated in the order in question. We are therefore confined, in passing upon the case, to the averments embraced in said affidavit of Henry A. Armstrong. In our judgment, the case can properly be disposed of on its merits, without quoting said affidavit in full, nor shall we do more than set out the substance of such allegations therein as are deemed pertinent to the controlling questions which are presented for determination. By the terms of said order, the District Court has wholly vacated and set aside said tax judgment and sale, and it appears that this was done because, in the opinion of that court, said judgment was not merely irregular, but was "null and void." This is, of course, tantamount to a declaration that the court in entering said tax judgment was without jurisdiction to enter the same, for the reason that a judgment entered by a court of competent jurisdiction, and which is intelligible in its terms, is not, and cannot be, absolutely "null and void." The affidavit upon which the order was based also declares, in terms, as follows: "Affiant further states and alleges that the said judgment so entered as aforesaid was and is void for the following reasons, to-wit," etc. We call particular attention to the terms of the affidavit and the

order, for the purpose of showing that neither the court below nor counsel for the moving party regarded the application as one made to the favor of the District Court, or as one based upon a mere irregularity of procedure. The application, on the contrary, was made and granted expressly upon the theory and ground that the judgment was void, and we shall therefore so treat the case in this court. But, in confining ourselves to the one matter of jurisdiction, we do not desire to suggest that this particular judgment was or is vulnerable to attack upon any ground of mere irregularity in entering the same. Irregularities in entering judgments may be cured if properly and seasonably pointed out to the court in which they occurred, but the right to do so is often lost by the lapse of time, by laches, and other causes.

Nor do we discover in this record any evidence that the judgment in question was irregularly entered. It was a default judgment, and was entered upon all the evidence which is ever introduced, or can lawfully be introduced, in any case of default arising under the act of 1897. The evidence consisted of the verified delinquent tax list required to be filed by the county treasurer in the office of the clerk of the District Court. By the terms of the statute, the filing of such list not only operates to commence an action against the land to recover a judgment for taxes, but also to give notice of the pendency of such action to all parties interested in the land; and, by its express language, the list so filed is further made prima facie evidence that all the provisions of the law in relation to the assessment and levy of the taxes referred to in the list, which were in force when the same were assessed and levied, "have been complied with." This evidence was before the District Court when the tax judgment in question was entered, and no rebutting evidence being offered, and no objection being made to the entry of the judgment, we are unable to see wherein the judgment was erroneously entered or was in any respect irregular. True, the affidavit on which the District Court based its order vacating the judgment sets out facts which tend strongly, and perhaps conclusively, to show that the taxes, as shown by the delinquent list, were never lawfully assessed, equalized, or levied, and we may assume, for the purposes of this decision, that many of the taxes, if not all, for which said judgment was entered, were voidable by reason of fundamental defects in the tax proceedings upon which the same were based. But this concession in no wise militates against the regularity of the tax judgments. None of the alleged defects in the taxes were pleaded by answer or otherwise brought to the attention of the court entering the judgment, and we have seen that there was competent evidence that the taxes were lawfully assessed and levied.

The owner, who was a nonresident, received the same notice which any owner, whether resident or nonresident, ever can receive in such an action. The statute makes the filing of the list constructive notice of the pendency of the action to all parties interested in the land, and jurisdiction of the res is acquired by

publishing the delinquent list, which embraces a description of the lands involved. The action is strictly in rem, and, as it is instituted as a mode of collecting taxes by means of judicial proceedings, a personal notice would be impracticable, and, under the authorities, such notice may be dispensed with entirely in such proceedings. Nor is personal notice required in actions in rem which do not relate to the collection of the public revenue. The law in its entire scope proceeds upon the theory that in many cases no actual notice of the pendency of the action to recover the tax judgment against the land will be received by the owner of the land, and it is entirely elementary that actual notice is not essential, and that statutory notice alone will confer jurisdiction to enter the judgment. To sustain this proposition, the case of *Dousman* v. *City of St. Paul*, 23 Minn. 394, is in point. But the motion, if regarded as either an appeal to the favor, or an application to vacate a judgment for a mere irregularity, could not, in any court, have been lawfully granted, for the reason that the motion to vacate was not based upon either an affidavit of merits or upon a proposed verified answer. See *Sargent* v. *Kindred*, 5 N. D. 8, 63 N. W. Rep. 151; *Kirschner* v. *Kirschner*, 7 N. D. 291, 75 N. W. Rep. 252; *Railroad Co.* v. *Blackmar*, 44 Minn. 514, 47 N. W. Rep. 172.

Turning to the matter of jurisdiction, we have carefully read and considered the affidavit upon which the order vacating the judgment is based. With certain exceptions hereafter to be considered, it embraces allegations showing, or tending to show ,that the taxes for which said judgment was entered were illegal and voidable by reason of certain fundamental defects in the tax proceedings. We have, however, already said that none of the alleged defects in the tax proceedings were brought to the attention of the trial court at any time prior to the entry of the judgment; and it is abundantly established by judicial opinion that the jurisdiction of the District Court to enter a judgment for such taxes would not have been ousted, or in any wise affected, if any and all such defects had been pleaded by way of answer and defense in the action in which the judgment was entered. A total failure to assess or levy a tax would be a good defense, if set up by answer and proven at the trial. In such a case, the court would refuse to enter a judgment because in the supposed case the plaintiff, on issue joined, would fail to make out a case. But no question of jurisdiction arises upon such an issue. See *In re St. Paul    D. R. Co.* (Minn.) 6 N. W. Rep. 454; *Chauncey* v. *Wass* (Minn.) 30 N. W. Rep. 826; *Wallace* v. *Brown*, 22 Ark. 118; *State* v. *Sargent*, 12 Mo. App. 228; *Gage* v. *Parker*, 103. Ill. 528.

But the affidavit presented to the District Court, after stating that said tax judgment was entered by default against said land by the clerk of the District Court of Emmons county, proceeds as follows: "That, at the time of the rendition of said judgment by said clerk as aforesaid, the said clerk was not the judge of any court, and did not enter said judgment agreeably to the order

of any court or judge of any court; * * * that said judgment, as affiant believes, is void upon its face, because it shows that it was not rendered by any judge, court or judicial officer."

The judgment was entered pursuant to section ,6, chapter 67, Laws 1897, which declares: "Upon the expiration of thirty days from the last publication of such notice and list the said clerk shall, the affidavit of publication being filed, enter judgment against each and every one of such pieces or parcels as to which no answer shall have been filed, which judgment shall include all of such pieces or parcels." We are of the opinion that the contention of counsel to the effect that this judgment was not entered by the court, for the reason that the clerk who entered it in the judgment book was not in terms directed to enter the same, either by the District Court or a judge thereof, is untenable. The contention goes to the constitutionality of the statute under which the judgment was entered. This action was strictly in rem, and in such cases actual notice to individuals interested in the res is never indispensable. See *Emmons County* v. *Lands of First Nat. Bank of Bismarck* (decided at this term) 84 N. W. Rep. 379. Under chapter 67b, the law declares that the only notice to individuals interested in the land of the pendency of the action is given by filing a verified delinquent list with the clerk of the District Court. The act of filing operates as constructive notice to the land-owner, and also to commence an action in rem against the land itself. The publication of the delinquent list, under the statute, is all that is needed to give the District Court Jurisdiction over the land for the purposes of hearing the case and entering a judgment against the land for the amount of the taxes against each tract, as the same are stated on the verified list. No judgment in personam can be entered under the act. True ,the court cannot enter any judgment without proof that the taxes appearing upon the list are valid taxes, and, if the proof offered by a landowner who voluntarily appears shows that a tax is void, the court would err if it entered judgment for the same. In the case at bar, however, no appearance was made, and no answer alleging a defense was filed. The case being strictly a default case, the evidence, consisting of the verified delinquent list, was all the evidence required in behalf of the plaintiff, and the same was sufficient, under the statute, to establish prima facie the validity of the tax against the land in question. Had the court or judge assumed to direct the entry of the judgment, but one direction was possible or could lawfully have been given upon the evidence in the case. The law and the evidence together required the entry of a judgment for the plaintiff, and the order of a court or judge must necessarily have conformed to the mandate of the statute, and hence the court would be powerless to do more than direct the entry of the judgment which was entered. In such a case a direction to enter would be an idle form, and purely perfunctory, nor would the same possess any element of actual deliberation. The statute has dispensed with any such useless formality

by directing the clerk to enter judgment for the taxes on the delinquent list in all cases of default for answer. In doing so, the law assumes that all parties interested in the land, having had the requisite statutory notice, have assented to the entry of judgment against the land for taxes against it appearing on the delinquent list. The judgment, therefore, in this class of cases, is in legal theory a judgment entered by consent, and in such cases a judgment may be entered without an order of court, except in cases where the statute requires such an order. In this state no such order is required in actions arising under chapter 67, supra, and a contrary rule is plainly implied by the provisions of section 9 of the chapter.

Chapter 67 is very nearly an exact transcript of a statute of the state of Minnesota, in which state judicial power is not vested in clerks of court, but is vested by the constitution of the state in certain judicial officers corresponding in name and authority to those in this state. The statute has been before the Supreme Court of Minnesota for construction and been construed by that court in many cases, and in no case has the power of the clerk to enter a default judgment been questioned. In our opinion, it is clear that the clerk, in entering a judgment by default under chapter 67, acts ministerially only, and that his power to do so, therefore, cannot be questioned on constitutional grounds.

Only one further point is presented by the affidavit which at all bears upon the jurisdiction of the court to enter the judgment. It appears by the affidavit that the delinquent list was published the requisite number of times in the Emmons County Gazette prior to the entry of judgment, but the affidavit in this connection charges that three copies of each number of the newspaper were not "filed or caused to be filed with the clerk of said court by the publisher of said newspaper, or by any other person, as required by law, or at all. Section 4, chapter 67, supra, provides that "the owner, publisher, manager or foreman in the printing office of the newspaper in which such notice and list shall be published shall make and file with the clerk of the District Court an affidavit of such publication, stating the day in which each publication was made, and shall also file with the clerk three copies of each number of the paper in which the notice and list shall have been published." There is no averment and no claim that the affidavit of publication required was not duly filed, and the question is presented whether the omission to file the requisite number of copies of the newspaper is fatal. We are clear that it is not. The jurisdiction over the land was acquired by the fact of publication, and not by any proof of that fact. The proof of publication in this case, viz: the affidavit, was duly filed, but, if it had not been, the proof could have been supplied at any time during the pendency of the action. The cases next below cited are directly in point, as supporting our views upon this feature of the case. *Hoyt* v. *Clark* (Minn.) 66 N. W. Rep. 262; *Frisk* v. *Reigleman* (Wis.) 43 N. W. Rep. 1117; *Fruit Exchange* v. *Stamm*

(N. M.) 54 Pac. Rep. 345; *Commissioners* v. *Morrison*, 22 Minn. 179. We shall therefore necessarily hold, upon the facts appearing upon ·this record and under the law applicable thereto, that the District Court erred in making the order appealed from, for the reasons and upon the grounds already stated; and, in so far as the order assumes to deal with and vacate the tax sale made under the tax judgment in question, the order is entirely erroneous upon said grounds and reasons, and for the additional reason that there is nothing in this record tending to show that after said judgment was entered, and before the sale, said judgment was satisfied in whole or in part. See, on this point, section 15 of chapter 67.

The order appealed from is in all things reversed, and the District Court is directed to enter an order reversing the same, and also enter an order denying the application made herein to vacate said judgment and tax sale, with costs of both courts to appellant. All the judges concurring.

### ON PETITION FOR A REHEARING.

A petition has been filed asking for a rehearing of this case. The rehearing is not sought to enable the petitioner to present any new grounds or arguments to this court upon the question which was decisive of the case both in the District Court and in this court, viz: that of jurisdiction in the District Court to enter the tax judgment in question. That feature of the respondent's contention is abandoned, so far as appears from the petition. The grounds set out in the petition clearly indicate that the respondent desires an opportunity to contend in this court that said tax judgment was erroneously entered, and was in fact an illegal judgment, for the reasons referred to and discussed in the opinion of this court already handed down.' The petition must be denied for various reasons, some of which will be briefly mentioned.

First, it appears that the ground assumed by the respondent in the petition was considered by this court and disposed of by the opinion handed down. This court distinctly held in its original opinion that the tax judgment entered by default was not in fact irregularly entered, but was, on the contrary, regularly entered, in conformity to the provisions of the statute, and upon such evidence as the law itself declares to be sufficient in a case where no appearance is made in the action, and' where no defense to the tax is interposed by answer. Having discussed this feature of the case quite fully in the original opinion, we can see no good reason for reopening the case, inasmuch as reflection has served only to confirm our original views as expressed in the opinion of this court.

Only one further consideration will be noticed. The order of the District Court embodied an order vacating the tax sale, and incidentally annulling the certificate of sale delivered to the county of Emmons. This feature of the attempted adjudication made by the District Court is vital, and the same obviously constitutes the only element of the order in question which is of the slightest

practical value to the landowner. The motion was, it is true, nominally aimed at the tax judgment, but its real purpose manifestly was and is to get rid of and set aside the sale of the land, and wipe out the cloud upon the title created by the certificate of sale. But it appears that precisely two years, less one day, prior to making the order appealed from, said judgment had been paid in full and satisfied of record by a sale of the land upon which the judgment was made a specific lien. The judgment was never at any time of such a character that a general execution thereon could be issued either against lands or goods, and when the motion was made and decided below the judgment was a dead and valueless record, *i. e.* it was a judgment fully paid and satisfied. It is unnecessary to determine, in passing upon this petition, whether such a tax judgment is vulnerable to attack by mere motion, even when made on jurisdictional grounds, in a case where it appears, as in this case, that the real purpose of the moving party is to assail, not the judgment, but the tax sale made upon the judgment. In disposing of the questions presented by this petition, we are required to consider only whether a tax sale can be annulled by an order based on a motion to vacate a judgment in a case where the grounds of the motion do not relate to the jurisdiction of the court to enter the judgment, but are confined to certain alleged irregularities and illegalities in entering the judgment.

We have no doubt that a motion cannot be made available to accomplish such a purpose. We need offer but one of many reasons which suggest themselves as a basis of this conclusion, and this is found in the statute under which the sale is made. Section 15, chapter 67, Laws 1897, embraces this provision: "The certificate shall in all cases be prima facie evidence that all the requirements of law with respect to the sale have been duly complied with. And no sale shall be set aside or held invalid unless the party objecting to the same shall prove either that the court rendering the judgment, pursuant to which the sale was made, had not jurisdiction to render the judgment, or that after the judgment and before the sale such judgment had been satisfied; and such certificate shall be conclusive evidence that due notice of sale, as required by this act, was given, and that the piece or parcel of land was first offered at such sale to the bidder who would pay the amount for which the piece or parcel was to be sold for the shortest term of years; and the validity of any sale shall not be called in question unless the action in which the validity of the sale shall be called in question shall be brought, or the defense alleging its invalidity be interposed, within three years from the date of sale."

In this language two features are conspicuous which are directly pertinent here: First, it appears that but two grounds are mentioned upon which a tax sale made on a tax judgment can be lawfully assailed, viz: for lack of jurisdiction in the court which entered the judgment; and, secondly, upon the ground that the

judgment had been paid before the sale. The other feature of the statute has reference to the manner in which the attack upon the sale can lawfully be made. The statute declares that the "validity of any sale shall not be called in question unless the action in which the validity of the sale shall be called in question shall be brought or the defense alleging its invalidity be interposed within three years from the date of the sale." This language leaves no room for doubt that the proper mode of attacking the validity of a tax judgment sale is by means of a civil action, and this mode is in accord with all well-established principles of procedure. Nor are the grounds of attack now under consideration sufficient to annul the sale, even by an action. All the judges concur.

(84 N. W. Rep. 385.)

---

### EMMONS COUNTY *vs.* EMMA C. CRANMER, *et al.*

Opinion filed November 13, 1900.

Appeal from District Court, Emmons County; *Winchester,* J.

*George M. Register* and *Cochrane & Corliss,* for appellant.