judgment had been paid before the sale. The other feature of the statute has reference to the manner in which the attack upon the sale can lawfully be made. The statute declares that the "validity of any sale shall not be called in question unless the action in which the validity of the sale shall be called in question shall be brought or the defense alleging its invalidity be interposed within three years from the date of the sale." This language leaves no room for doubt that the proper mode of attacking the validity of a tax judgment sale is by means of a civil action, and this mode is in accord with all well-established principles of procedure. Nor are the grounds of attack now under consideration sufficient to annul the sale, even by an action. All the judges concur.

(84 N. W. Rep. 385.)

---

### EMMONS COUNTY vs. EMMA C. CRANMER, et al.

Opinion filed November 13, 1900.

Appeal from District Court, Emmons County; *Winchester,* J.

*George M. Register* and *Cochrane & Corliss,* for appellant.

*H. A. Armstrong* and *Stevens & Allen,* for respondents.

PER CURIAM. The controlling questions in this case were involved and decided in the case of *Emmons Co.* v. *Thompson* (decided this term) 9 N. D. 598, 84 N. W. Rep. 385. The order appealed from is in all things reversed, and the District Court is directed to enter an order reversing the same, and also to enter an order denying the application made herein to vacate said judgment and tax sale, with costs of both courts to appellant.

(84 N. W. Rep. 1117.)

---

### EMMONS COUNTY vs. CHAS. H. DAVIDSON.

Opinion filed November 13, 1900.

Appeal from District Court, Emmons County; *Winchester,* J.

*George M. Register* and *Cochrane & Corliss,* for appellant:

*H. A. Armstrong* and *Stevens & Allen,* for respondents.

PER CURIAM. The controlling questions in this case were involved and decided in the case of *Emmons Co.* v. *Thompson* (decided this term) 9 N. D. 598, 84 N. W. Rep. 385. The order appealed from is in all things reversed, and the District Court is directed to enter an order reversing the same, and also to enter an order denying the application made herein to vacate said judgment and tax sale, with costs of both courts to appellant.

(84 N. W. Rep. 1117.)