# W. D. WASHBURN, Jr. v. GREGORY COMPANY.[1]

### May 29, 1914.

### Nos. 18,578—(119).

**Taxation of mineral in land.**

1. Where mineral interests in real estate are owned separately from the interests in the surface, such mineral interests are land, taxable as such, and should be taxed separately from the surface interests.

**Tax certificate.**

2. A tax certificate based upon tax proceedings in which the property is described by its government description, without mentioning a mineral interest owned separately from the surface, does not cover such mineral interest.

Action in the district court for Crow Wing county to determine adverse claims of defendant company to the minerals and mineral rights in certain premises described in the complaint. The defendant in its answer alleged that it was the owner of the premises and plaintiff had no right or title, interest or claim against it. The case was tried by McClenahan, J., who made findings and ordered judgment that plaintiff was the owner in fee simple absolute of the minerals and mineral

[1] Reported in 147 N. W. 706.

Note.—On the question whether interest of one other than the owner of the soil in mineral *in situ* is independent subject of taxation, see note in 17 L.R.A. (N.S.) 688.

rights specified in the reservation contained in a certain deed from him to one Varland. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Leon E. Lum,* for appellant.

*Savage & Purdy,* for respondent.

BUNN, J.

Plaintiff was the owner of certain real estate in Crow Wing county, Minnesota. April 15, 1907, he executed and delivered a deed, which was duly recorded, describing the land by its government description but "reserving * * * all ores, mines, minerals, fossils, mineral oils and mineral paints which may be in or upon said lands, with the privilege of searching, digging, boring, shafting and mining therefor on any and every part of said premises * * * together also with the right of building, maintaining as long as needed and removing when not needed, any buildings, structures, etc., needed for such mining operations." There was a provision for the payment of damages to any buildings of the grantee, or injury to the soil for cultivation, caused by any mining operations.

Plaintiff brought this action to determine adverse claims to the interest reserved by him in the deed. Admittedly he still owns this interest unless his title was divested by the sale of the land to the state for the taxes of 1907, and the expiration of the time for redemption. Defendant is the owner of this tax title, through assignment from the state, and claimed to have acquired thereby the title of plaintiff to the mineral rights reserved by the deed. The decision of the trial court was that plaintiff was the owner of these mineral rights. Judgment was entered accordingly, and defendant appealed.

The question involved is whether the tax proceedings, in which the land was described by its government description, without in terms including or excluding the mineral rights held by another than the owner of the surface, operated to assess and levy a tax upon such mineral rights and to convey such rights to the purchaser at the tax sale.

If the tax was assessed and levied upon the entire land, including the mineral rights, and if the taxing officers might legally so assess

and tax together the surface and mineral rights, the irregularity in not taxing separately the interests of the different owners did not affect the jurisdiction of the court in the tax proceedings. Under our statutes the true ownership of lands sought to be charged by tax proceedings is not material. McQuade v. Jaffray, 47 Minn. 326, 50 N. W. 233; Minneapolis Ry. T. Co. v. Minnesota Debenture Co. 81 Minn. 66, 83 N. W. 485; Ballard v. Hunter, 204 U. S. 241, 27 Sup. Ct. 261, 51 L. ed. 461. As stated in the Ballard case [p. 258] with reference to the statutes of Arkansas, our statutes "virtually make the land a party to the suit to collect the taxes. It is from the lands alone, and not from their owner, that the taxes are to be satisfied." In the Minnesota Debenture Co. case, land consisting of two distinct parcels with different owners was assessed, taxed, proceeded against and sold as one parcel. It was held that this might have been a defense if presented when application for judgment was made, but that the owner or owners of the land were concluded by the judgment in the tax proceedings.

If, however, the description of the property in the tax proceedings and certificate covered only the estate of the owner of the surface, and not that of the owner of the mineral rights, the taxes were not a lien upon the estate of the latter, and the judgment did not attach to or the certificate convey such interest.

It is well settled in this state, as elsewhere, that the owner of land may segregate the mineral estate from the rest of the land, and convey either interest without the other. It is also clear that the reservation in this case was valid. Carlson v. Minnesota Land & Colonization Co. 113 Minn. 361, 129 N. W. 768; Buck v. Walker, 115 Minn. 239, 132 N. W. 205, Ann. Cas. 1912D, 882. As stated by Chief Justice Start in the Buck case: "Contracts excepting ores and minerals from grants of land with a reservation of the right to enter upon the portion thereof granted are in accordance with long-established usage and have been invariably held by the courts to be valid." As stated by Mr. Justice Lewis in the Carlson case: "The owner may convey any part of real estate. He may convey some particular deposit or stratum and retain the surface, or he may convey a part or all of the mineral strata or deposits and retain the surface. Such strata or de-

posits are land." There is no dissent from the proposition that such an interest so created or reserved is land, whatever may be the case under leases or other contracts under which the right to mine is granted for a fixed term. "The minerals and surface interests may, by separate conveyances, become separate pieces of real estate, and held by different persons, and each estate may be separately seized and sold by execution, and each may be defeated by the statute of limitations as any other real estate. (See Kincaid v. McGowan, 88 Ky. 91, [4 S. W. 802, 13 L.R.A.(N.S.) 289] where the matter is fully discussed.) The mineral estate, when severed by conveyance, being separate real estate, may be taxed as other real estate." Stuart v. Commonwealth, 94 Ky. 595, 23 S. W. 367. That mines may form a distinct possession and a different inheritance from the surface lands was the settled law in England and in this country long before the enactment of any statute on the subject. Caldwell v. Copeland, 37 Pa. St. 427, 78 Am. Dec. 436. It would seem to follow logically that the mineral estate, being land, is taxable separately from the surface, when the owners are different, just as when the owner of a tract of land conveys a part of it to another the parcel of each is taxable separately. And that this is the law, even in the absence of statute, there can be no doubt. 37 Cyc. 775, and cases cited in note 64; note to Wolfe County v. Beckett, 17 L.R.A.(N.S.) 688.

Many of the authorities cited, notably the Pennsylvania and Illinois cases, hold that where there is a divided ownership there must be a divided taxation. The statutes of several states provide that the interests in such cases *shall* be separately taxed. We do not, however, refer to these cases for the purpose of supporting the view that prior to the enactment of chapter 161, p. 196, Laws 1905, a separate assessment and taxation was obligatory in the sense that an attempt to tax the two interests together would necessarily make a judgment void on collateral attack. We place emphasis on the state of the law at the time this statute was enacted as an aid in ascertaining the object of the legislature. Chapter 161, p. 196, Laws 1905, in force at the time of the assessment and levy in question, and now, (G. S. 1913, § 1973), reads as follows:

"That whenever any mineral, gas, coal, oil, or other similar in-

terests in real estate are owned separately and apart from and independently of the rights and interests owned in the surface of such real estate, such mineral, gas, coal, oil or other similar interests may be assessed and taxed separately from such surface rights and interests in said real estate, and may be sold for taxes in the same manner and with the same effect as other interests in real estate are sold for taxes."

As we have stated, it was the unquestioned law at the time this statute was passed, that mineral interests in real estate owned separately and apart from interests in the surface, were real estate and might be assessed and taxed separately from the surface interests, and "sold for taxes in the same manner and with the same effect as other interests in real estate are sold for taxes." Before the statute, it was not only proper to tax the mineral interest separately, but it was plainly an irregularity to assess to one owner as one property both the surface and the mineral rights, when they were owned separately. The legislature must be credited with some object in passing the law. Whether this object was to make it obligatory to assess and tax mineral rights separately from the interest in the surface, or whether it was to declare and make clearer the already clear common law on the subject may be open to doubt, but in either case there is a statutory direction to the taxing officers how to proceed when the interests are owned separately. It is not necessary to hold, as we view the case, that under this statute an assessment and tax against both interests together is fatal to the jurisdiction of the court to render a judgment and that therefore the owner of either interest who has failed to defend in the proceedings can attack the judgment collaterally. But it was the duty of the taxing officers, under the statute, as well as under the common law, to assess and tax separately the interests of plaintiff and those of the owner of the surface. The deed separating the mineral rights from the surface rights was of record at the time the tax was levied and became a lien. It is to be presumed that the taxing officers intended to follow the law. These considerations are helpful in reaching a decision whether the description of the property used in the tax proceedings includes the mineral rights. It contains no mention of any such right or interest. Mani-

festly it would have been easy to have described the property taxed as "mineral rights," as it would have been to describe it as "surface rights." The description used does neither, but is merely the government description. The interest of plaintiff in the minerals was plainly real estate and properly taxable separately. The law directed the assessing officers to tax it separately. If the separate interest of the mineral owner is covered by this description, the result is that his property is taxed without notice to him, under the guise of taxing the property of another. The courts do not favor such a result. In Eastman v. St. Anthony Falls Water Power Co. 43 Minn. 60, 44 N. W. 882, the question was as to what land was included in the description used in the tax proceedings. Mr. Justice Vanderburgh said: "The title of each party being of record, it will not be presumed that the separate property of different parties is embraced under one general description in tax proceedings, if the same may be applied and limited to the land of one and not to that of the other. The description, when applied to the subject-matter, * * * is susceptible of the construction claimed for it by defendant. An opposite construction would be misleading * * * and ought not therefore to be upheld." This language seems particularly appropriate here. The description in the case at bar when applied to the subject-matter, and viewed in the light of the facts and the law as they existed at the time the tax was levied, is fairly susceptible of the construction claimed for it by the plaintiff and adopted by the learned trial court. We therefore decide that the mineral or mineral rights of plaintiff were not covered by the description in the tax proceedings, and were not taxed in those proceedings.

It does not seem important that the mineral estate may have escaped taxation. That the assessor omitted to assess this interest, does not influence the decision in the present case. Nor do we regard as vital the fact that there may be difficulties in arriving at the true value of mineral rights. There is nothing whatever in the law or in this opinion that in any way tends to permit the owner of a separate mineral estate to escape paying taxes on his property.

We fully appreciate that in Minnesota the tax is upon the land, and that its ownership is not the material thing. But it is neverthe-

less true that the land of one person should not pay the taxes that ought properly to be paid by the land of another. The judgment in the tax proceedings does not affect the mineral estate of plaintiff because that estate was not described in the proceedings. We do not hold that defendant's tax title is void, but simply that it does not cover the "land" of plaintiff.

Judgment affirmed.