# WILLIAM C. TYNDALL v. CLARENCE E. DUBOIS and Others.[1]

May 29, 1914.

Nos. 18,684—(203).

**Reservation of mineral — taxation.**

The reservation of mineral rights in land by the grantor of a deed gives him an interest in the land which is land. [Reporter.]

**Case followed.**

Buck v. Walker, 115 Minn. 239, 132 N. W. 205, followed. [Reporter.]

Action in the district court for Itasca county to determine adverse claims to certain vacant and unoccupied real estate. The separate answer of defendant Walker alleged that he was the owner in fee simple of all the minerals, rocks, ores and oils upon or beneath the surface of the land, together with the exclusive and perpetual right of entering upon any part thereof and of erecting or removing buildings and derricks, and of sinking shafts in mining or exploring any part of the lands for the purpose of discovering and removing any such minerals, rocks, oils and ores. The case was tried before Wright, J., who made findings and ordered judgment that defendant Walker was the owner in fee simple of all minerals, rocks, ores and oils in the land, free and clear of any interest or lien of plaintiff. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Thwing & Rossman,* for appellant.

*Van Derlip & Lum,* for respondent.

PER CURIAM.

This case is controlled by the decision in Washburn v. Gregory Co. supra, page 491, 147 N. W. 706, or, more correctly speaking, it is controlled by that case as far as the question whether plaintiff's tax deed covers the mineral rights of

1 Reported in 147 N. W. 708.

defendant Walker is concerned. It is urged that the reservation by Walker gave him no estate in the land, but at most a mere easement. This question is disposed of by Buck v. Walker, 115 Minn. 239, 132 N. W. 205, Ann. Cas. 1912D, 882. We are content with the decision in that case, and hold that the mineral interest reserved was land.

Judgment affirmed.