# HARRIET CAMPBELL v. ISAAC BARRY AND OTHERS.
## JENS J. OPSAHL, APPELLANT.[1]

April 21, 1922.

No. 22,475.

**Finding of court concerning notice of expiration of redemption sustained.**

1. The evidence sustains the finding of the court that the plaintiff and the defendant Radspinner did not, through collusion, keep from the defendant Opsahl, the owner, information that the notice of expiration of. redemption under a tax sale of land to the plaintiff was served upon Radspinner, who was in possession under a contract of sale from Opsahl.

**Tax judgment valid against surface ownership of mineral land.**

2. The surface and the mineral rights of the land were separated by reservation in a conveyance, the defendant Opsahl owning the surface. They were not separated in the assessment, and the taxes went to judgment against the land by government description without an exception of the minerals. The tax judgment subjected the surface ownership of Opsahl to the payment of taxes, and, if subsequent proceedings were valid, title passed from him to the tax purchaser.

**Omission of excepted right of way did not affect tax title to other land.**

3. In the assessment of one forty a railroad right of way was excepted. In the published delinquent list, judgment and other proceedings following, there was no exception. The omission of the exception did not affect the tax title to the land other than the right of way.

**Wrong date in auditor's indorsement on tax sale certificate immaterial.**

4. The statute requires the auditor to indorse on the certificate of absolute sale his certificate that the property is unredeemed and that the period of redemption has expired. The auditor made such certificate, but wrongly stated the date of the notice of expiration. The statute does not require him to state the date of the notice. The error did not affect the tax title.

**Affidavit of publication of delinquent tax list corrected.**

5. If an affidavit of publication of the delinquent list is defective because of a failure to show that the newspaper is a legal newspaper

[1] Reported in 187 N. W. 967.

within the statute, and afterwards before trial a sufficient affidavit is filed by leave of court on an ex parte application, the defect is obviated, for it is the fact which controls.

**Certificate of absolute property not invalidated by needless insertion of wrong statute.**

6. A tax sale is not invalid because the certificate of absolute property, referring correctly to the statute under which the proceeding was had, includes in parenthesis another statute under which it was not had.

**Description of land in assessment district.**

7. The record does not show that the lands were improperly described as in a village as the proper assessment district.

Action in the district court for Beltrami county to determine adverse claims to certain real estate. The case was tried before Stanton, J., who made findings and ordered judgment in favor of plaintiff except for a railway right of way and reservation of minerals in a certain deed. From the judgment entered pursuant to the order for judgment, defendant Jens J. Opsahl appealed. Affirmed.

*Marshall A. Spooner*, for appellant.

*G. W. Campbell*, for respondent.

DIBELL, J.

Action to determine adverse claims. There was judgment for the plaintiff and the defendant Jens J. Opsahl appeals.

The plaintiff claims title through tax proceedings on the 1914 judgment for delinquent taxes. The defendants Barry and Radspinner do not appear. Barry formerly owned the land involved. It was assessed in his name. Radspinner was the equitable owner under a contract from Opsahl. Unless divested by the tax title the defendant Opsahl is the owner subject to a mineral reservation in favor of his remote grantors and subject to the equitable title of Radspinner.

1. The defendant Radspinner had a contract of sale of the NE¼ of SE¼ and the SE¼ of SE¼ of 32-148-32 in Beltrami county from the defendant Opsahl, the owner, and was in possession. The notice

of expiration of redemption in the tax proceeding was served upon him. He knew its purpose and effect. He did not inform Opsahl of the service. Opsahl's claim is that there was an understanding, constituting fraudulent collusion, between Radspinner and the plaintiff to keep from him information of the service of the notice. The court found against this claim. The evidence supports its finding.

2. Opsahl owned the surface of the two forties. The mineral rights were in his remote grantors by reservation. In the assessment the surface and mineral rights were not separately assessed as they should have been. The taxes went to judgment. Opsahl did not answer. He did not object to the assessment which by description carried his interest. The tax judgment did not affect the mineral rights. Washburn v. Gregory Co. 125 Minn. 491, 147 N. W. 706, L. R. A. 1916D, 304; Tyndall v. Dubois, 125 Minn. 536, 147 N. W. 708. It did affect the surface rights, the description being the usual description by government subdivision, and by subsequent proceedings, if valid, the title of Opsahl passed to the tax purchaser.

3. In the tax proceedings relative to the NE¼ of NE¼ there was excepted from the description the M. & I. right of way. No claim is made of a defective description of this forty.

In the tax proceeding relative to the SE¼ of NE¼ the words "less M. & I. R. of Way" followed the description in the assessment roll. In the published delinquent list, the tax judgment of 1914, certificate of absolute sale, notice of expiration of redemption, and tax deed, the description is "SE¼ of NE¼," without an exception or limitation. The taxes went into judgment against the SE¼ of NE¼.

The defendant relies to some extent upon Bell v. McLaren, 89 Minn. 24, 93 N. W. 515. It does not have direct application. It refers to the necessity of a description from which the land can be ascertained. We are of the view that the description is sufficient, though it covers more than was included in the assessment roll in that it does not except the right of way. It is the description in the judgment, and this the auditor must follow. The defendant is not injured. His taxes are no more and no less than if the right

of way had been excepted. He was not misled by the omission. The railway is not making complaint.

4. The certificate of nonredemption of the NE¼ of NE¼ was indorsed by the auditor on the certificate of absolute sale under the date of November 6, 1917. It stated that notice of expiration was issued on November 6, 1917. The notice of expiration was in fact issued on August 18, 1917. The statute, G. S. 1913, section 2135, requires the auditor to indorse on the certificate of sale his certificate that the property remains unredeemed and that the period of redemption has expired. Until so indorsed the certificate of sale cannot be recored. He is not required to give the date of the notice of expiration. The service of the notice and the fact of no redemption were proved. The error in the date does not affect the validity of the certificate.

5. The affidavit of publication of the taxes delinquent on the first Monday in January, 1914, is claimed and may be assumed to be defective because the affidavit of the printer does not show that the newspaper was a legal newspaper within Burbridge v. Warren, 139 Minn. 346, 166 N. W. 403. It is the fact of publication that controls. Bennett v. Blatz, 44 Minn. 56, 46 N. W. 319; Hoyt v. Clark, 64 Minn. 139, 66 N. W. 262. A sufficient affidavit was filed in the tax proceeding by permission of the court upon an ex parte application before trial and was in evidence. This gave the required proof.

6. The certificate of absolute property sale of one forty states that the sale was made "pursuant to notice duly given and the provisions of sections 2127 and 2128, General Statutes of Minnesota for 1913, as amended by chapter 303, Laws of 1917 (and chapter 334, Laws of 1915.)" The other certificate states that the sale was made "pursuant to notice duly given and the provisions of sections 2127 and 2128, General Statutes of Minnesota for 1913, and chapter 303—Laws 1917 (chapter 334, Laws of 1915.)" The words "and chapter 303—Laws 1917" are typewritten and so placed that they may be read either as coming before or coming after the clause in parenthesis. The sale was not made under the Laws of 1915. If so made the property could not have been sold for less than one-half of the assessed valuation. It was sold for less.

There was no impropriety in referring to the Laws of 1917, which were amendatory of sections 2127, 2128. There was no reason for referring to the Laws of 1915. The reference was in parenthesis, probably to suggest that it should be stricken if not applicable. Though not applicable its presence does not affect the validity of the tax sale.

7. Both forties are within the village of Turtle River. They are so described in the assessment roll and published delinquent list and judgment. So far as appears the village is a separate assessment district. Before it became a part of the village the land here involved was in the town of Port Hope. From the record it does not appear that the town of Port Hope, instead of the village of Turtle River, was the proper assessment district; and it was not error, as urged by the defendant, to describe the land in the village of Turtle River.

The seven points which we have discussed are those argued by the appellant. He is correct in his insistence that the plaintiff in seeking to take his property relies upon a technical title and must strictly comply with the statutory procedure. We have closely examined the proceedings, from his viewpoint, but find nothing justifying us in holding the plaintiff's tax title invalid.

Judgment affirmed.