F. B. SCHNELLER *v.* WILLIAM PLANKINTON, PEHR PETERSON ET AL.

Opinion filed January 8, 1904.

**Maintenance—Conveyance by One Out of Possession.**

1. A conveyance of real estate held adversely by another under color of title, by one who has not been in possession or taken rent for the space of one year prior thereto, is void as against such adverse possessor. Following *Galbraith* v. *Paine,* 96 N. W. Rep. 253, 12 N. D. 164.

**Vendee's Possession, That of Vendor.**

2. The possession of real estate by a vendee under an executory contract of purchase is, in law, the possession of his vendor.

**Adverse Possession—Quieting Title.**

3. On an appeal from a judgment quieting title to certain real estate in plaintiff, the defendant assigns error upon the conclusion of law of the trial court that the plaintiff is entitled to a decree quieting title in him. It appears from the findings of fact upon which the conclusion is based that the plaintiff's grantor, when he executed the deed of conveyance upon which plaintiff bases his title and right of action, had not been in possession or taken the rents for the space of one year prior thereto, and that the defendant was then, and for ten years prior thereto had been, in adverse possession under color of title. *Held,* that the conclusion of the trial court was erroneous, and that the judgment must be reversed and the action dismissed.

Appeal from District Court, Richland county; *Lauder, J.*

Action by F. B. Schneller against William Plankinton and others. Judgment for plaintiff, and defendant Plankinton appeals.

Reversed.

*Purcell & Bradley,* for appellant.

Actual possession of land consists in exercising acts of dominion over it and in taking the profits of which it is susceptible. *Webber* v. *Clarke,* 15 Pac. Rep. 431; *Barstow* v. *Newman,* 34 Cal. 90; *Goodrich* v. *VanLandigham,* 46 Cal. 601; *Kelly* v. *Mack,* 49 Cal. 524.

An inclosure is not necessary. *Hicks* v. *Coleman,* 25 Cal. 132; *Sheldon* v. *Mull,* 7 Pac. Rep. 710. Nor any building thereon, or the occupation such as a stranger would observe in passing. *Murray* v. *Hudson,* 32 N. W. Rep. 889; *Morrison* v. *Kelley,* 74 Am. Dec. 179; *Costello* v. *Edson,* 46 N. W. Rep. 299; *Whitaker* v. *Shoot-*

*ing Club,* 60 N. W. Rep. 983; *Ewing* v. *Burnet,* 11 Pet. 41, 9 L. Ed. 624; *Fuller* v. *Elizabeth City,* 23 S. E. Rep. 922.

A deed issued pursuant to foreclosure proceedings, a judgment or decree, or sale, although such proceedings back of it are void or voidable, affords "color of title." *Mason* v. *Ayres,* 73 Ill. 121, 1 Am. & Eng. Enc. of L. (2d Ed.) 817 and note 1; 1 Cyc. of L. 1093, sub. M., note 16; *Packard* v. *Moss,* 8 Pac. Rep. 818, 3 Wait. Act. & Def. 17; *Brooks* v. *Bruyn,* 35 Ill. 394; *La Frombois* v. *Jackson,* 8 Cow. 589. So an unrecorded deed purporting to convey title. *Lee* v. *Polk County Copper Mining Co.,* 21 How. 493 (U. S.) 16 L. Ed. 203, 62 U. S. 493; *Dickinson* v. *Breeden,* 30 Ill. 279; *Hanna* v. *Renfro,* 32 Miss. 125; *Webber* v. *Clarke,* 15 Pac. Rep. 431; *Falls of Neuse Manuf'g Co.* v. *Brooks,* 11 S. E. Rep. 456; *Orr* v. *Owens,* 27 N. E. Rep. 493; *Clark* v. *Clough,* 23 Atl. 526; *Grant* v. *Fowler,* 39 N. H. 101; *Forest* v. *Jackson,* 56 N. H. 357; *Goodman* v. *Nichols,* 23 Pac. Rep. 956; *Walker* v. *Hill,* 12 N. E. Rep. 387; *Hall* v. *Law,* 102 U. S. 461, 26 L. Ed. 217; *Tremaine* v. *Wetherby,* 12 N. W. Rep. 609; *Sands* v. *Hughes,* 53 N. Y. 297; *Chandler* v. *Spear,* 22 Vt. 388; *Hoys* v. *Swan,* 5 Md. 237; *Humphries* v. *Huffman,* 33 Oh. St. 395; *Murphy* v. *Doyle,* 33 N. W. Rep. 222.

Defendant did not hold as a mortgagee in possession, and the decree should not have been for equitable redemption. *Sexton* v. *Barker,* 50 N. E. Rep. 109; *Mason* v. *Ayers,* 73 Ill. 121; *Norris* v. *Ile,* 38 N. E. Rep. 762.

Under an executory contract the possession of a vendee is the possession of the vendor. *McAuliffe* v. *Parker,* 38 Pac. 744; *Brown* v. *Huey,* 30 N. E. Rep. 429; *Avent* v. *Arlington,* 10 N. E. Rep. 991; *Whitney* v. *Wright,* 15 Wend. 171; *Briggs* v. *Prosser,* 14 Wend. 227; *Brown* v. *Brown,* 11 S. E. Rep. 650; *Mabary* v. *Dollarhide,* 11 S. W. Rep. 611; *Beal* v. *Brooks,* 23 Am. Dec. 401; *Kruse* v. *Wilson,* 79 Ill. 233; *Hale* v. *Gladfelder,* 52 Ill. 91; *Valentine* v. *Cooley,* 33 Am. Dec. 166.

When rents and profits are claimed prior to the commencement of the action, the complaint must show plaintiff's title as existing at a prior date and continuing to the commencement of the action. *Payne* v. *Treadwell,* 16 Cal. 221; *Clark* v. *Boyreau,* 14 Cal. 635; *Thompson* v. *White,* 8 How. Pr. 520; 3 Sedgwick on Damages, 912.

The deed, exhibit C, is void under sections 7002 and 3920, Rev. Codes. 3 Am. & Eng. Enc. of L.; Art on Contracts, Par. 49; *Galbraith* v. *Paine,* 96 N. W. Rep. 258, 12 N. D. 164.

*Freerks & Freerks,* for respondent.

Defendant claims to have acquired title under section 3491a, Rev. Codes, and that he has been in actual, open, adverse and undisputed possession of the land under color of title for ten years prior to the commencement of this action, and paid all legal taxes levied against the premises during such time. *Power* v. *Kitching,* 86 N. W. Rep. 737, 88 Am. St. Rep. 691.

Plankinton was never personally in possession, nor did he personally pay any taxes, but claims to have done so by the possession and occupancy of his so-called licensees, Holstrom and Peterson, and that such payment inured to his benefit under section 3491a. There is no proof to show any contract between defendant and Holstrom and Peterson, or that their occupancy was ever ratified.

A mortgagee does not assign a mortgage by executing a deed, as he has no title. *Yankton Building and Loan Ass'n* v. *Dowling,* 74 N. W. Rep. 438.

The separate possession and payment of taxes by Holstrom and Peterson do not avail under section 3491a. *J. B. Streeter, Jr., Co.* v. *Frederickson et al,* 91 N. W. Rep. 692, 11 N. D. 300.

Findings must be within the issues made by the pleadings. *Morenhout et al.* v. *Barron,* 42 Cal. 591; *Marks* v. *Sayward,* 50 Cal. 57; *Harkins* v. *Cooley et al,* 58 N. W. Rep. 560; *Cobb et al.* v. *Cole,* 56 N. W. Rep. 828; *Arnold* v. *Angell,* 62 N. Y. 508; *Brennan* v. *Bigelow,* 8 Kan. 332; *Brocker* v. *Esterley,* 12 Kan. 152; *Hubberdston · Lumber Co.* v. *Bates,* 31 Mich. 158; *Sanford* v. *Thorp,* 45 Conn. 242; *Gardner* v. *Case,* 111 Ind. 494; *Burton* v. *Morrow,* 133 Ind. 221.

Findings of fact not found on any issue made by the pleadings are nullities. *Newby* v. *Meyers,* 44 Kan. 477, 24 Pac. Rep. 971.

Findings of the court should be statements of the ultimate facts only and not of the probative facts. *Gull River Lumber Co.* v. *School District No. 38,* 1 N. D. 500, 48 N. W. Rep. 427; *Glascock* v. *Ashman et al,* 52 Cal. 420; *Snyder* v. *Ashworth,* 34 Minn. 426, 26 N. W. Rep. 233; *Conlan* v. *Grace,* 36 Minn. 276, 30 N. W. Rep. 880.

Ultimate facts are the facts in issue; probative facts are facts in controversy. *Marshall* v. *Shafter*, 32 Cal. 177; *Mitchell* v. *Clinton*, 99 Mo. 153.

A finding that "the defendant has a good and perfect title to the demanded premises" supports a judgment for him, whether regarded as a finding of fact or conclusion of law. *Frazier* v. *Crowell*, 52 Cal. 399.

Findings of ultimate facts control findings of probative facts. *Perry* v. *Quackenbush*, 105 Cal. 299, 38 Pac. Rep. 740; *Smith* v. *James et al*, 30 N. E. Rep. 902.

YOUNG, C. J. The plaintiff instituted this action to determine adverse claims to eighty acres of agricultural land situated in Richland county. The complaint, which is substantially in the form prescribed by chapter 5, p. 9, of the Laws of 1901, alleges that the plaintiff is the owner in fee simple of the land, and that the defendants claim interests therein adverse to the plaintiff, and prays that said claims be adjudged null and void, and the title to said premises be quieted in the plaintiff as to all of said defendants, and for costs and disbursements. The defendant Plankinton alone answered. His answer alleges title in himself, under section 3491a, Rev. Codes 1899, and sets forth adverse occupancy and payment of taxes for ten years under color of title. He also alleges that he has an unpaid mortgage on the premises for $450 and interest. The case was tried to the court without a jury, and resulted in a judgment for plaintiff, quieting title in him ʾas against all liens, claims and demands of the defendants. The defendant appeals from the judgment. Appellant caused a statement of case to be settled, in which he demands a review of the entire case in this court. He also assigns error on the statutory judgment roll.

Counsel for respondent contends that the evidence cannot be reviewed in this court because of the alleged absence from the statement of case of certain papers which he claims constitute a part of the proceedings had at the trial, and that in the absence of such papers the court is without authority to try the case *de novo* under section 5630, Rev. Codes 1899, and upon this theory made a motion at the hearing to strike out the statement of case and to affirm the judgment. Counsel did not agree at the hearing as to what papers were in the statement, or as to whether the papers alleged to be missing in fact constituted a part of the proceedings held at the trial. The motion was denied without an examination of the record,

and the case argued upon the merits; leave being granted to the appellant to cause the statement to be returned to the district court for correction, if necessary. We find it entirely unnecessary to explore the record or to settle these disputed questions, for the reason that the error assigned by appellant upon the judgment roll proper is fatal to the judgment, and requires its reversal. As conclusions of law from the facts found, the trial court found "that the plaintiff is entitled to a judgment and decree of this court quieting the title to the premises involved in this action in him, free and clear from all claims, liens, or demands held or claimed to be held by the defendant and all persons claiming or to claim any right, title, interest, estate, lien or demand under or through him, and for his costs and disbursements in this action." The foregoing conclusion is assigned as error. The assignment must be sustained. The facts found by the trial court, so far as they are material to a consideration of the assignment in question, are substantially as follows: On March 7, 1884, Willard M. Davis was the owner of the land in question. On that date he executed and delivered to the defendant William Plankinton, a mortgage thereon for $450, and on the same day executed and delivered a mortgage to F. T. Day for $45. Thereafter, and on September 13, 1887, a sheriff's deed was issued to F. T. Day under an invalid foreclosure of his mortgage. December 17, 1890, Day deeded to Plankinton. Prior to his deed to Plankinton, Day, through his agents, gave a contract for a deed to one Gust Holmstrom, who went into possession, farmed the land continuously until 1894, and paid taxes for the years 1890, 1892, and 1893. Day paid the taxes for 1891. In 1894 Plankinton made a contract of sale with one Pehr Peterson, whereby he agreed to make, execute, and deliver to said Peterson a good and sufficient warranty deed upon the performance of the conditions of the contract. Peterson entered into possession under said contract, cultivated the land, and continued to do so from year to year until the commencement of this action, and paid all the taxes levied against the premises from 1894 up to and including the year 1901. No one has actually resided upon the premises for the ten years preceding the commencement of this · action, except by cultivating the same each year. On March 19, 1900, the defendant Plankinton, for the purpose of clearing the record title, signed, acknowledged and recorded a satisfaction of the $450 mortgage; said satisfaction reciting that the debt secured thereby has

been fully liquidated and paid. As a matter of fact, neither Willard M. Davis, the mortgagor, nor any one for him, ever paid said mortgage, or any part thereof. On August 23, 1901, Willard M. Davis and wife, in consideration of the sum of $100, executed and delivered a special warranty deed of the premises to the plaintiff.

From these facts it appears that the deed of conveyance from Davis to the plaintiff, and upon which the plaintiff's claim of title and his rights in this action are based, was executed and delivered while the land was adversely held by the defendant under claim of title, and that the plaintiff's grantor, Davis, had not been in possession of the land, or taken the rents or profits thereof, for the space of one year prior thereto. As to the defendant, who was in adverse possession under color of title, the deed was void. This case is ruled by the conclusions announced in *Galbraith* v. *Paine*, 12 N. D. 164, 96 N. W. 258, in which we held that in this state "the common law doctrine which condemns as void a grant of land which is adversely held under claim of title by a grantor who has not been in possession or taken rent for the space of a year prior thereto, as an act of maintenance, was not abolished by the Revised Codes of 1895, but was perpetuated and remains in force in this state," and that a deed executed in violation thereof is void as to persons in adverse possession, claiming title, although valid between the grantor and grantee and third persons. Counsel for respondent seek to sustain the validity of the deed by contending "that the prohibition of sections 7001, 7002, Rev. Codes 1899, which perpetuate the common law doctrine, cannot be invoked against plaintiff's deed, because (a) the defendant Plankinton is not an adverse possessor; and (b) that, even though he were such, he cannot raise this question for the first time in the Supreme Court." Neither of these contentions can be sustained. It is true, Plankinton was not personally in possession; but he had color of title, and the possession of Holmstrom and Peterson under their contracts, in law, was his possession. *Whitney* v. *Wright*, 15 Wend. 171; *Jackson* v. *Johnson*, 5 Cow. 74, 15 Am. Dec. 433. The purchaser of real estate, entering into possession under an executory contract, holds under his vendor; and, under statutes relating to adverse possession, it is universally held that the possession of the purchaser is, in legal effect, the possession of his vendor. In *Hale* v. *Gladfelder*, 52 Ill. 91, it was said that "the relation of vendor and purchaser is such that, when the latter enters into possession under

the contract to purchase, his possession is that of the vendor.
By the purchase he recognizes the vendor's title, and, like a ten-
ant, in all proceedings for the recovery of possession by the vendor
he is estopped from disputing his title. He enters and holds under
the title of the vendor, and his occupancy is subservient and
subordinate to that title; and from this relation, and for the same
reason, his possession becomes as fully that of the vendor as does
that of a tenant become that of the landlord." See, also, *Mabary* v.
*Dollarhide,* 98 Mo. 198, 11 S. W. 611, 14 Am. St. Rep. 639; *Brown*
v. *Brown,* 106 N. C. 451, 11 S. E. 647; *Brown* v. *Huey,* 103 Ga.
449, 30 S. E. 429; *Kruse* v. *Wilson,* 79 Ill. 233; *Avent* v. *Arring-
ton,* 105 N. C. 377, 10 S. E. 991; *McAuliff* v. *Parker* (Wash.). 38
Pac. 744. The policy of the common law doctrine, which has been
perpetuated in this state by statute, is "to restrain all persons from
transferring any disputed right to strangers." 3 Bac. Abr., "Main-
tenance." Or, as was said by Selden, J., in *Crary* v. *Goodman,* 22
N. Y. 170, "to prevent the transfer of disputed titles, and compel
their settlement between the original parties." It appears from the
findings of fact in this case that the plaintiff's deed is within the
condemnation of both the letter and the spirit of this doctrine. The
plaintiff's deed is void as to this defendant, and will not sustain his
action. The interests of the defendant can be litigated and deter-
mined only in an action prosecuted in the name of the plaintiff's
grantor. In such an action the equities existing between the ad-
verse claimants can be adjusted.

Neither do we agree with counsel's contention that the legal effect
of the deed cannot be inquired into under the assignment. It
is said that the deed was admitted in evidence without objection,
and counsel relies upon section 5630, Rev. Codes 1899, which pro-
vides that "no objection to evidence can be made for the first time
in the Supreme Court." The assignment under consideration
is not directed to the admission of the deed in evidence. It is
directed solely to the conclusion of law made and filed by the trial
court after the trial proper had been concluded, and merely
challenges the correctness of the legal conclusion upon the facts
found. The question as to the legal effect of a deed executed and
delivered under the facts narrated in the findings is not a ques-
tion of evidence, but a legal conclusion, and, as we have seen, it
follows from the facts found in this case that the deed upon which
the plaintiff's right of action and claim of title rest is void as to the

defendant, and will not sustain the judgment rendered against him. It is proper to state that this case was tried and determined before the decision in *Galbraith* v. *Paine, supra,* was handed down.

The district court is directed to enter an order vacating its judgment, and to enter a judgment dismissing the action. Appellant will recover costs of both courts. All concur.