(100 N. W. 847.)

---

WILLIAM E. PURCELL AND E. A. DIVET v. THE FARM LAND COMPANY AND MIDDLESEX BANKING COMPANY.

Opinion filed August 5, 1904.

**Under Chap. 67, Laws 1897, Judgment May Be Rendered Notwithstanding the Taxes Are Paid.**

1. Under chapter 67, p. 76, Laws 1897, pertaining to obtaining judgments against specific tracts of land to enforce payment of taxes against the owner, the jurisdiction of the court to enter judgment against a particular tract appearing on the list filed with the clerk as unpaid is not affected by the fact that all taxes against the owner and against the tract had been previously paid.

**Stipulation That Judgment Was "Duly Entered," Implies Regularity of All Jurisdictional Acts.**

2. A stipulation of facts under which an action is submitted for decision which recites that judgment was duly entered in a certain action, and that a certain sale was made on notice duly given, will warrant a finding that all jurisdictional acts necessary to sustain the judgment were performed, and that all acts constituting notice of sale were done and performed as required by law.

Appeal from District Court, Sargent county; *Cowan,* J.

Action by William E. Purcell and E. A. Divet against the Farm Land Company and the Middlesex Banking Company. Judgment for plaintiffs, and defendants appeal.

Affirmed.

*George H. Fay* and *W. S. Wickersham,* for appellants.

The defendants and appellants had paid their taxes and received their receipts from the proper officer of the county; they had done

all the law asked of them, and had perfect right to expect the proper record would be made by such officer and that the title to said land would appear clear from such claims on the record.

The law will not aid or permit an individual to take advantage of his own wrong; a county has no greater right under the law than an individual, and could not proceed, after having received the taxes by its proper officers, to take advantage of the wrong and cause an innocent party to suffer therefor. The sale was invalid and void because no notice of it was given as required by the law under which the sale was made. The same was published once each week for two successive weeks in the proper newspaper, and no further publication was made. Section 12 of chapter 67, Laws of 1897, provides that sheriffs shall give notice by posting one copy in the office of the clerk where the judgment shall have been entered, and one in the office of the treasurer, and one at the county seat in some conspicuous place, at least ten days before the sale, and by publishing such notice once in each week for two successive weeks in some newspaper of general circulation, the last publication to be ten days before the day of sale. The notice of sale was published two successive weeks in the proper newspaper, but no further notice was given by posting as required by law, in connection with the publication. No notice being given, the sale is void, and the county acquired no title to the land by such sale. No proofs of any kind of the publication of the notice and list were ever furnished to the clerk of the district court before or after entering the judgment. The case of Emmons County v. Thompson et al., 9 N. D. 598, 84 N. W. 385, does not apply, because it does not appear from the agreed facts, that the affidavit and copies of the paper or either of them were on file when the judgment was entered, or were ever filed, and consequently it does not appear that the clerk of the district court had authority to enter the judgment at the time that he did; and such case does not apply because there were taxes due and unpaid against the land in controversy in that case, where in the case at bar there were no taxes due and unpaid and the county had no claim or cause of action against the land in question.

The defendants and appellants now are, and have been continuously since January 23d, 1885, in the quiet and peaceable possession of the land in question, and Sargent county never has had such possession or received the rents and profits from the land.

Under the rule laid down in Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258, and Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77, a conveyance of title to real estate by a grantor who has not been in possession or taken rents for a space of one year prior thereto, which real estate is held adversely by claim of title, is void, and the conveyance by Sargent county to the plaintiff and respondent is absolutely void.

*Purcell, Bradley & Divet,* for respondents.

When a taxpayer has been cited and had his day in court, he cannot attack the judgment collaterally. 2 Desty on Taxation, 727; Jaggard on Taxation, 434; 2 Dembitz on Land Titles, 1336.

It is the policy of the law that every defect or objection to the enforcement of the tax appearing on the list should be litigated in the proceeding. St. Paul & Duluth Ry. Co., 6 N. W. 454; Chauncey v. Wass, 25 N. W. 457; same on rehearing, 30 N. W. 826; Emmons County v. Lands of First Nat'l Bank of Bismarck, 9 N. D. 583, 84 N. W. 379; Emmons County v. Thompson, 9 N. D. 598, 84 N. W. 385.

The fact of payment of the tax cannot be cited to defeat the judgment. Mayo v. Foley, 40 Cal. 281; State v. Sargent, 18 Mo. App. 228; Wilkins v. Keith et al., 79 N. W. 887.

Jurisdiction of the land is acquired by the fact of publication, not the proof of it. Emmons County v. Thompson, 9 N. D. 598, 84 N. W. 385; Hoyt v. Clark, 66 N. W. 262; Frick et al. v. Reigelman, 43 N. W. 1117; So. Cal. Fruit Exchange v. Stamm, 54 Pac. 345; Commissioners v. Morrison, 22 Minn. 179.

Section 15, of chapter 67, Laws of 1897, clothes the judgment with all the presumptions which attach to any judgment, and throws upon the party alleging its invalidity to affirmatively establish the want of jurisdiction. This cannot be done by the silence of the record; but where the latter fails to speak, every intendment and presumption are in favor of the jurisdiction. Freeman on Judgments, section 124, and cases cited; Hoyt v. Clark, 66 N. W. 262; Hahn v. Kelly et al., 34 Cal. 391; Holmes et al. v. Campbell, 12 Minn. 221 (Gil. 141); Dean v. Thatcher, 32 N. J. L. 47.

The stipulation that a judgment is "duly" entered concedes a valid and regular judgment, and forecloses all questions of the regularity of the proceedings. The word "duly," in connection with the entry of a judgment, has acquired in law a special sig-

nificance, and by the use of that word, all jurisdictional statements necessary are implied. 11 Enc. Pl. & Pr. 1137-1138; Hunt v. Dutcher, 13 How. Pr. 538.

Section 7002, Rev. Codes, and Galbraith v. Paine, 12 N. D. 164, 96 N. W. 258; and Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77, have no application because such section does not apply to sheriffs' and tax deeds. The objection that the printer's affidavit was not filed in time is barred by the statute of limitations. Section 15, chapter 67, Laws of 1897.

What the legislature might have dispensed with in the first instance, and still have a valid proceeding under the constitution, it may, by a curative act in the shape of a statute of limitation, declare no longer of importance. Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Meldahl v. Dobin, 8 N. D. 115, 77 N. W. 280; Roberts v. First Nat. Bank of Fargo, 8 N. D. 504, 79 N. W. 1049; Sweigle v. Gates, 9 N. D. 538, 84 N. W. 481; Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, 15 N. E. 401; Ruggles v. County of Fond du Lac, 23 N. W. 417; Milledge v. Coleman, 2 N. W. 77.

MORGAN, J. Plaintiffs instituted this action to determine adverse claims to the north half of the southwest quarter of section 2, township 129, range 55, in Sargent county, N. D., and allege their absolute ownership of such land, and that the defendants claim an interest or estate therein, or liens thereon, adverse to plaintiffs' title; and they pray that defendants be required to set forth their claims to such land, and that they be adjudged null and void, and that plaintiffs' title be quieted as to such claims, and that defendants be barred from asserting any further claims to said land. The defendants answered, setting forth their title to said land, and claiming ownership thereof by virtue of a sheriff's deed issued to them under a valid foreclosure of a mortgage, and further alleged that all taxes upon said land had been fully paid. The plaintiffs, by a reply, set forth that they are the owners of said land by virtue of the following proceedings, to wit: That in the year 1897 the taxes on said land had become delinquent, and that said county did thereafter, by its regular officers, take all the steps prescribed by chapter 67, p. 76, of the Laws of 1897, to procure a judgment against said land for such delinquent taxes, and judgment for such taxes was on December 29, 1897, duly entered against said land for such taxes, and that said land was thereafter regularly and legally sold under and by virtue of said judgment after due notice

of such sale had been given, and a certificate of sale duly issued to the county upon such sale, and that no redemption was ever made from the sale, and that plaintiffs became the owners of said land by virtue of conveyances from Sargent county on January 28, 1902. The cause was submitted to the court at the trial upon stipulated facts as follows: That the defendants have title to the land in question unless the same has been cut off by the judgment and subsequent sale as set forth in plaintiffs' reply; that plaintiffs are the owners of said land unless all proceedings by the county under chapter 67, p. 76, Laws 1897, were void by reason of the fact that all taxes on said land had been fully paid before any proceedings were taken by said county under said chapter; that judgment was duly entered for said taxes, and all the steps prescribed by said chapter for the recovery of judgment were duly taken as prescribed by said chapter; that due notice of the sale of said land was given, as prescribed by law; that notice of the time when the period of redemption from the sale under such judgment would expire was duly given. The trial court rendered judgment as prayed for by the plaintiffs, and adjudged them to be the absolute owners of said land. Defendants appeal to this court from said judgment, and request a review of all the issues, under section 5630, Rev. Codes 1899.

Appellants contend that the judgment should be reversed for the following reasons: (1) No taxes being due or delinquent on said land when the proceedings were commenced and judgment rendered and the sale made under said chapter 67, the court had no jurisdiction of the subject-matter of the action, and all such proceedings were void. (2) That the sale was void for the reason that no notice thereof was given as required by law. The specific objection under this contention is that no notice of such sale was posted as required by said chapter 67, and that publication of notice is not sufficient. (3) That no proof of the publication of such tax list was filed with the clerk of the district court before judgment was entered by the clerk. (4) That the deed to the plaintiffs from Sargent county is void under section 7002, Rev. Codes 1899, and the rule laid down by this court in Galbraith v. Paine, 12 N. D. 164, 96 N. W. 258, and in Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77.

Defendants' principal contention is that the judgment was rendered without jurisdiction of the subject-matter of the action, and

was therefore void, as the tax on which the judgment was rendered had been fully paid, and was not a delinquent tax at any time. The judgment was a judgment by default. Defendants never appeared in the action. The list of delinquent taxes filed with the clerk of the district court, and published, showed delinquent taxes upon the lands in question. As a matter of fact, however, such taxes had been fully paid, but appeared upon the list as unpaid through the carelessness of the officials. The fact that such taxes had been paid before any proceedings were taken to recover judgment against the land constitutes the principal ground upon which defendants claim that the court had no jurisdiction to enter judgment.

Chapter 67, p. 76, of the Laws of 1897, provides, in detail, the procedure to secure judgment against lands, and for their sale for delinquent taxes on said lands for the year 1895 and prior years. It provides that filing a list describing such lands, stating their owner's name, the amount of taxes, penalty, and interest due, in the office of the clerk of the district court, by the county treasurer, shall have the effect of filing a complaint in an action by the county to enforce such taxes against each piece of land described in such list. It provides for a publication of such list, with a notice to the owners of the lands described to appear and answer, and, in default of answer, that judgment by default will be taken against such land for such taxes, interest, penalty and costs. It provides for a trial in cases where answers are filed, and further provides that "it shall always be a defense in such proceedings when made to appear by answer and proof that the taxes have been paid or that the property is lawfully exempt from taxation." It provides for rendering judgment by default or after hearing, and that the taxes found to be unpaid shall be a lien upon such lands, and that such lands shall be sold under execution to satisfy such judgment for said taxes after due notice of said sale has been given, and provides for issuing a certificate of sale to purchasers, and in cases where no person buys said lands at said sale, that the county treasurer shall bid in the land for the county or state. In short, chapter 67 is a complete law for the collection of taxes by proceedings against the land taxed. This law was before this court in Emmons County v. Lands of First Nat. Bank, 9 N. D. 583, 84 N. W. 379, and in Emmons County v. Thompson, 9 N. D. 598, 84 N. W. 385, where the law was held constitutional, and proceedings thereunder

considered, and their nature, effect, and validity passed upon. In those decisions the points raised in this case are, in effect, disposed of. It is there held that jurisdiction is obtained over the subject-matter of the proceeding by filing the list in the clerk's office, and its publication with the notice as herein required. It is also held in those cases that the action or proceeding is one strictly in rem—against the land. In the first-cited case, on page 595, 9 N. D., page 384, 84 N. W., the court says: "Having authority to adjudicate, it will follow that it may possibly erroneously adjudicate in some cases; and, in contemplation of such a contingency, the law points out methods of correcting errors which may be made in such cases. It is well settled that the jurisdiction of the court 'in this class of cases in no wise depends upon the validity of the tax proceeding involved, nor does it depend upon the taxability of the land against which the judgment is rendered.'" In that case it was not expressly decided that jurisdiction to render judgment would be sustained, as against collateral attack, in a case where the tax had been paid, although the list showed it as still unpaid. But that decision, in effect, holds that, in cases where jurisdiction exists, matters that could have been adjudicated in the original action or proceeding are deemed to have been adjudicated in that action or proceeding, and the fact that such matters were erroneously decided, or the fact that the evidence on which judgment was entered was false, cannot be set up to annul such judgment in a collateral proceeding. The fact that the tax on which the judgment was based had been fully paid could have been set forth in an answer filed in that suit or proceeding. To attack such judgment collaterally, however, is a different undertaking, and involves different principles. So far as the judgment is concerned, it is founded on regular proceedings as prescribed by the statute. The jurisdiction—that is, the right and power to try the issues—becomes absolute upon the filing of the list and the publication and giving of the notice prescribed by section 3 of the act. Upon these requirements being performed in accordance with this statute, in cases where no answers or objections are filed, the clerk has full power to enter the judgment; and such judgment is made final, by section 10, except in case of review by the Supreme Court. Considering the whole act together, it seems clear from it that the existence of an unpaid tax is not a fact that confers jurisdiction to proceed to judgment. The fact of delinquency is one of the facts to be litigated and determined before

judgment is entered. It is not the fact to be determined before jurisdiction attaches. Filing of the list and the publication confer jurisdiction. In theory, the delinquent tax is found to exist, even in default cases, before judgment can be entered, and in litigated cases it is found as an express fact when tendered as an issue before judgment is rendered against the land for the taxes. Therefore the fact of delinquency relates not to jurisdiction to proceed, but it is a fact to be found before judgment is entered. The defendants in this case were duly summoned to appear and answer as to any objections they might have against the rendering of judgment against the land for the tax. Not having appeared, and the statutory procedure having been strictly adhered to, the judgment is conclusive against them when attacked in a collateral proceeding, as this is. "The test of jurisdiction * * * is whether the tribunal has power to enter upon the inquiry, and not whether its conclusions in the course of it were right or wrong." Van Fleet's Collateral Attack, p. 82; Colton v. Beardsley, 38 Barb. 29. In Williamson v. Mimms, 5 S. W. 320, the Supreme Court of Arkansas said: "As to the fact of payment of the taxes being in itself a defense to the action, we think it was not available as such to the defendants, and evidence to prove the fact was wholly inadmissible. The decree of that court that the taxes had not been paid is conclusive upon the court and parties in this cause. It was a question proper for that court to decide, and the decision, if erroneous, could be corrected only upon a rehearing in that court, or upon appeal of the proceedings to this court." In McCarter v. Neil, 6 S. W. 731, the same court said, under a law similar to the law under consideration: "Such being the essential nature of the tax suit provided for by the overdue tax law, the jurisdiction of the court as to a particular tract was not affected by the fact that the taxes upon that tract had previously been paid. And since the objection does not go to the jurisdiction, the decree of the court condemning the land to sale is, so long as it stands unreversed, and not vacated or set aside, conclusive upon the point that the taxes were due." In Mayo v. Foley, 40 Cal. 281, the court said: "But the legality of the assessment in the first instance, and the fact of the delinquency in its payment, were the very questions made in the suit which resulted in the decree itself; and it was directly determined and adjudged therein that these taxes were legally levied, and were due and unpaid." The following cases sustain the same principle, in con-

struing statute substantially like ours: Chauncey v. Wass, 35 Minn. 1, 25 N. W. 457, 30 N. W. 826; Seminary v. Gage (C. C.) 12 Fed. 398; Gaylord v. Scarff, 6 Iowa, 179; Knoll v. Woelken, 13 Mo. App. 275; McGregor v. Morrow (Kan. Sup.) 21 Pac. 157; Cadmus v. Jackson, 52 Pa. 295; County of Chisago v. Railroad Co., 27 Minn. 109, 6 N. W. 454; Leigh v. Green (Neb.) 90 N. W. 255; Filkin v. Keith (Mich.) 89 N. W. 887. See, also, Van Fleet's Co. Attack, pp. 606, 607. We therefore conclude that the jurisdiction of the clerk to enter the judgment against the land for the taxes shown to be unpaid by the list was not affected by the fact that such tax was in fact paid, and that such judgment was valid and binding as against this collateral attack.

The tax sale under the judgment is assailed on the ground that no notice of such sale was given as required by law. The ground of the objection is that there is no showing of notices of such sale having been posted, the proof showing publication only. This objection is fully met by the stipulation of facts, which recites that such sale was made on and after notice duly given in manner and form as prescribed by the statute. This language clearly imports that notice was given in every particular required under the law.

The next objection urged against the judgment is that the proof of publication of the delinquent list was not shown to be on file when the judgment was entered. In Emmons County v. Thompson, supra, this court said: "Jurisdiction of the land was acquired by the fact of publication, and not by the proof of that fact. In this case the affidavit was duly filed, but, if it had not been, the proof could have been supplied at any time during the pendency of the action." Further, the stipulated facts show that the judgment was duly entered. This is an admission that all jurisdictional acts required to be done before the judgment could be regularly entered were performed, and all provisions of the statute complied with. Enc. Pl. & Pr., vol. 11, pp. 1137, 1138, and cases cited.

Appellants next contend that the conveyance from Sargent county to the plaintiffs is void under the provisions of section 7002, Rev. Codes 1899, as construed by this court in Galbraith v. Paine, supra, and Schneller v. Plankinton, supra. The claim is made that the stipulation shows that the defendants were in possession of these lands at the time that such conveyance was made, and that it is therefore void. This contention is not borne out by the stipulation. Nowhere is it therein stipulated that defendants were then in possession of

these lands. The answer alleges that they have been in such possession, but this allegation is denied by the reply. There is no proof in the record as to the possession of these premises at the date of such conveyance. If admitted, however, that defendants were then in possession thereof, the statute does not apply to conveyances made in pursuance of special proceedings at law, or those based upon or growing out of actions at law. There is nothing in the decisions cited on which a claim can be made that such conveyances as the one here involved are void as against possession. If such were the construction of section 7002, supra, it would nullify most proceedings for the collection of taxes or for the foreclosure of mortgages, and proceedings for securing title to land derived from sales under executions.

The judgment is affirmed. All concur.

(100 N. W. 700.)

NOTE—Under chapter 67, Laws of 1897, designation of a newspaper by improper name, renders publication of tax list void. Cass Co. v. Security Improvement Co., 7 N. D. 528, 75 N. W. 775. Failure to file copy of resolution designating paper before publication of delinquent list, is fatal to publication. Id. Separate statement of penalty and interest not necessary. Id. In proceedings to obtain the judgment under chapter 67, Laws of 1897, failure of board of equalization to meet is not fatal to the tax, as full hearing is afforded the taxpayer under such chapter. Wells County v. McHenry et al., 7 N. D. 246, 74 N. W. 241. Where there is no assessment or levy, no tax judgment can be rendered. Wells County v. McHenry, supra. There is no limitation of action to foreclose tax lien. Wells County v. McHenry, supra. Chapter 67, Laws of 1897, annuls all prior tax sales. McHenry v. Kidder Co., 8 N. D. 413, 79 N. W. 875. Sufficiency of treasurer's affidavit to list, and when list should be filed. Emmons County v. Bank, 9 N. D. 583, 84 N. W. 379. In actions brought under chapter 67, Laws of 1897, that owner of the land taxed was a nonresident, that clerk entered judgment without an order of the court, that a sufficient number of copies of newspaper containing the tax list were not filed with the clerk before entry of judgment, that there were fundamental defects in the original tax proceedings, are not grounds for vacating a judgment entered under said act. Emmons County v. Thompson, 9 N. D. 598, 84 N. W. 385. Jurisdiction to enter judgment under chapter 4, Laws of 1897, is given by the fact of publication of notice, not the proof of it. Cruser v. Williams, 13 N. D. 284, 100 N. W. 721. Under this chapter sheriff's certificate of sale is evidence of a lien only, until redemption. Id. Until proof of notice of expiration of period of redemption is filed, redemption period does not expire. Id. Burden of proving such notice and filing is on the person asserting title. Id.